MOONEY *v.* SMITH.

[No. 15,243. Filed February 20, 1936. Rehearing denied May 14, 1936. Transfer denied October 1, 1936.]

*Arthur S. Wilson*, for appellant.

*Clarence C. Rumer*, for appellee.

KIME, P. J.—This is an action in replevin brought by the appellant against the appellee in an attempt to recover the possession of certain certificates of stock of building and loan associations, which he contended the appellee retained posseession of unlawfully. To this complaint in one paragraph the appellee filed an answer in general denial, which was tried by the court, who made special findings of fact and stated conclusions of law thereon after the proper request therefor had been

made. The appellant assigned as error the overruling of the motion for a new trial and that the court erred in each of its three conclusions of law.

The only ground in the motion for new trial properly presented is that there is not sufficient evidence to sustain the special findings of fact. It appears that the appellant and appellee were the children of John P. Mooney and that upon his death they were his sole and only heirs at law; that there was no administration upon his estate; that he had been the owner of several shares of stock in two building and loan associations and that he had other property, and that shortly after his death appellant and appellee divided among themselves all of decedent's property in what they considered to be equal portions. After the property was divided the appellant told his sister (the appellee) that since her husband was somewhat of a spendthrift it would probably be wise if she put the stock which came to her from her father's estate in his (the appellant's) name so that appellee's husband could not get possession of or persuade her to dispose of it, and that upon appellant's death, in the event he predeceased her, such stock would go to the appellee. It is this stock that the appellant now contends is his, however, there is ample evidence to sustain the findings of the trial court that this was the appellee's property, with the exception of $100.00 for which the court below gave judgment to the appellant, and in addition thereto gave a judgment for damages in the amount of $36.00 in favor of appellant for the unlawful retention of said sum.

The appellant in his brief contends that because the court in its special findings described the certificate as "No. 7683" whereas in fact it was "No. 7583"; that this fact was outside the issues and consequently would not sustain the conclusions of law. The court, however, in its special findings described the

certificate with sufficient certainty by the date, amount, and otherwise that this difference in the number would be nothing else than a mere typographical error and, therefore, no reason for a reversal of this judgment. There is sufficient evidence to sustain the finding of facts and the conclusions of law rendered thereon are not erroneous.

There was no error in overruling the appellant's motion for a new trial, nor was there any error in either of the conclusions of law stated. The judgment of the Gibson Circuit Court is in all things affirmed.